NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                                         |   |                              |
|-----------------------------------------|---|------------------------------|
| WILLIAM MCARTHUR, *pro se*,             | : |                              |
|                                         | : |                              |
| Petitioner,                             | : |                              |
|                                         | : | Civ. No. 03-3417 (GEB)       |
| v.                                      | : |                              |
|                                         | : |                              |
| UNITED STATES OF AMERICA,               | : | **MEMORANDUM OPINION**       |
|                                         | : |                              |
| Respondent.                             | : |                              |

---

**BROWN, Chief Judge**

This matter comes before the Court upon the *pro se* petition of William McArthur ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth in this Memorandum Opinion, will deny the petition.

**I.      BACKGROUND**

On February 26, 2001, Petitioner was charged in a two-count indictment for knowingly and intentionally possessing, with intent to distribute, cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On April 9, 2001, Petitioner entered a guilty plea to Count Two of the indictment and Count One was dismissed.  On June 14, 2001, Petitioner was sentenced to a term of 130 months imprisonment, running consecutively with Petitioner's imprisonment under a previous state parole violation, with a three year period of supervised release thereafter.

1

Petitioner's sentence was based on the imprisonment range of 151 to 188 months, with eleven months credit for time served on state charges and a further downward departure of ten months on a combination of various factors.  After Petitioner timely filed a notice of appeal, defense counsel filed a motion to withdraw as counsel and a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967).  Petitioner then filed a pro se brief on appeal and on July 16, 2002, the Third Circuit denied Petitioner's appeal and affirmed the judgment of this Court.

On or about July 21, 2003, Petitioner filed the instant petition for relief under 28 U.S.C. § 2255, alleging that his current sentence was imposed in violation of due process because it was enhanced by invalid prior convictions and that he received ineffective assistance of counsel for several reasons.  The petition also requested, <u>inter alia</u>, an evidentiary hearing and leave to file a supplemental memorandum.  Following dismissal of the case without prejudice, the Court entered an Order vacating the Order of Dismissal and granting Petitioner's motion to compel the United States ("Respondent") to answer.  On September 13, 2005, Respondent filed its answer.

## II.    DISCUSSION

A.  <u>Standard for a Motion to Vacate, Correct, or Set Aside Under 28 U.S.C. § 2255</u>

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct, or set aside a sentence that:

> [W]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  However, "Section 2255 'may not be employed to relitigate questions which were raised and considered on direct appeal.'"  <u>United States v. DeRewal</u>, 10 F.3d 100, 105 n.4

(3d Cir. 1993), cert. denied, 511 U.S. 1033 (1994)(citation omitted).  Moreover, if a petitioner

has failed to raise an objection at the time of trial and has also failed to raise the issue on direct

appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to

show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged

error or violation.  Henry v. United States, 913 F. Supp. 334, 335-36 (M.D. Pa.), aff'd, 96 F.3d

1435 (3d Cir. 1996); see also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993)(holding that

the "cause and prejudice" standard set forth in United States v. Frady, 456 U.S. 152 (1982),

"applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in

connection with his sentence that he has not directly appealed.").  However, a petitioner need not

demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel for

the first time in a collateral attack.  DeRewal, 10 F.3d at 104 (footnote omitted).

      B.  Petitioner's Challenge of the Use of his Prior Convictions is Procedurally Barred

      Petitioner states that his sentence was enhanced pursuant to offenses dating from 1993 to

1997 that were listed on his pre-sentence report, but alleges that the convictions for those

offenses had expired and should not have affected his offense level.  (Pet.'s Br. at 6-9.)  As

Respondent noted, Petitioner did not set forth any basis for establishing that the convictions were

expired and therefore invalid.  Furthermore, Respondent alleges that these claims were not

presented on appeal and are therefore procedurally barred from being presented in this petition.

      The Court has no record of Petitioner's points on appeal, but as Respondent notes, the

record before the Court does not contain any reference to Petitioner raising that issue before this

Court.  Given that the general practice of the circuit courts "is not to address legal issues not

raised below, absent exceptional circumstances,"  Bell Atlantic-Pennsylvania v. Pennsylvania

Public Utility Comm'n, 273 F.3d 337, 344 n.3 (3d Cir. 2001)(citation omitted), cert. denied sub nom. Pennsylvania Public Utility Comm'n v. MCI Telecommunications, 537 U.S. 941 (2002); see also United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988)(footnote and citation omitted), with no exceptional circumstances present, the Court finds that the issue therefore was not raised on appeal.

Habeas corpus is not to be used as a substitute for direct appeal and Petitioner may not raise for the first time in a Section 2255 petition those claims that could have been raised on direct appeal. Frady, 456 U.S. at 165. "Where the petitioner . . . failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged . . . violation.'" Reed v. Farley, 512 U.S. 339 (1994)(quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)). "[T]he cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim . . . ." McCleskey v. Zant, 499 U.S. 467, 493 (1991)(citation omitted). Objective factors include interference by officials that makes compliance impracticable, and a showing that the factual or legal basis for the claim was not reasonably available to counsel. Id. at 493-94. Additionally, "[i]neffective assistance of counsel . . . is cause." Id. at 494 (citation omitted). The prejudice standard requires a showing that the alleged error "so infected" the entirety of the proceedings as to violate due process. See Frady, 456 U.S. at 168-69.

Petitioner, having failed to challenge the use of his prior convictions before this Court and on appeal, has waived his right to raise the issue in the instant petition, outside of its application to ineffective assistance of counsel below, because he has not demonstrated either cause or prejudice for that failure.

4

C.  Petitioner Failed to Demonstrate Ineffective Assistance of Counsel

The cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citations omitted).  In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established the standard for reviewing ineffective assistance of counsel claims.  In order for a petitioner to succeed on such a claim, he must establish that: (1) his attorney's performance was objectively deficient, and (2) that such deficient performance prejudiced his defense.  Id. at 687.  The Court further held that in challenges to guilty pleas on the basis of ineffective assistance of counsel, the first component of the Strickland test applies in the same manner while the "prejudice" component requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

When evaluating performance, courts must examine the entire proceedings and determine whether, in light of all the circumstances, counsel's conduct was outside the wide range of professionally competent assistance.  Kimmelmann v. Morrison, 477 U.S. 365, 386 (1986)(citation omitted).  Courts must also defer to counsel's tactical decisions, not employ hindsight, and give counsel the benefit of a strong presumption of reasonableness.  See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied, 512 U.S. 1230 (1994).  To adequately assert "prejudice," a petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  That the outcome may have been different but for counsel's error is

5

not dispositive of the prejudice inquiry; rather the court must focus on whether the result of the proceeding was fundamentally unfair or unreliable.  See id. at 369-70.  Moreover, a petitioner cannot be prejudiced by his attorney's failure to present a meritless argument.  See Marshall v. Hendricks, 307 F.3d 36, 86-87 (3d. Cir. 2002), cert. denied, 538 U.S. 911 (2003).

Although the total claims number higher, Petitioner alleges five distinct bases for his claim of ineffective assistance of counsel.  First, Petitioner claims his counsel was ineffective for failing to investigate the case by not challenging the government's contention that he possessed "crack" cocaine and further alleges that counsel failed to investigate the element of intent and the government's evidence on that element.  However, Petitioner admitted to possession of crack cocaine before the Court.  (Tr. of Plea, Apr. 9, 2001, at 30.)  Similarly, Petitioner admitted to possessing crack cocaine with the intent to distribute and knowingly and intentionally possessing crack cocaine with the intent to distribute.  (Id.)  Although subject to Petitioner's claims on the adequacy of the plea hearing, Petitioner admitted to the elements presently being challenged and there was therefore no need for counsel to present evidence on those elements.  Furthermore, although Petitioner now alleges that a jury would have found him not guilty on the element of intent, his mere assertion fails to satisfy the Hill standard.  Consequently, there is no basis for Petitioner's claim under this point.  Accordingly, Petitioner's requests, termed as motions, for discovery and to expand the record, for appointment of experts or investigators or for necessary financial assistance, and for appointment of counsel to that effect are denied as meritless.

Next, Petitioner alleges that counsel was ineffective for failing to challenge the jurisdiction of the Court in that possession of a controlled substance is not a federal offense and thus the Court would have dismissed the case for lack of jurisdiction.  Petitioner is incorrect,

however, as simple possession of a controlled substance is proscribed by 21 U.S.C. § 844 and therefore the Court properly had jurisdiction pursuant to 18 U.S.C. § 3231.  Consequently, there is no basis for Petitioner's claim under this point.

Next, Petitioner alleges that counsel was ineffective for failing to challenge the Rule 11 proceedings.  Petitioner specifically alleges that the proceedings should have been challenged because the Court failed to inquire whether Petitioner understood the nature of the charges and the elements of the offense and further that counsel did not explain the element of intent. Petitioner additionally alleges that the Court did not read the indictment to him or "draw attention" to the specific elements and that counsel and the Court did not ensure that the plea was voluntarily, intelligently, or knowingly made.  Petitioner further alleges that counsel failed to advise him of all of the possible defenses.

Elevating substance over form, however, the Court must simply ensure that the defendant understood the offense, "look[ing] to the totality of the circumstances to determine whether a defendant was informed of the nature of the charges against him, considering factors such as the complexity of the charge, the age, intelligence, and education of the defendant, and whether the defendant was represented by counsel." United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000)(citations omitted).  The record demonstrates that Petitioner was questioned in open court, in compliance with Federal Rule of Criminal Procedure 11, and affirmed the voluntariness of the plea agreement and his understanding of the nature of the proceedings in accordance with the requirements of Rule 11.  (See Tr. of Plea, Apr. 9, 2001, at 21-29.)  That affirmation repeated the content of the Rule 11 form signed by Petitioner that same day.  Consequently, there is no basis for Petitioner's claim of ineffective assistance of counsel for failing to challenge the adequacy of

the Rule 11 proceedings.

Next, Petitioner alleges that counsel was ineffective for failing to challenge the use of his prior convictions.  In contrast to Petitioner's prior allegations of the use of expired prior convictions, here Petitioner alleges ineffective assistance of counsel for failing to challenge the use of the prior convictions because they were allegedly obtained without the aid of counsel on Petitioner's behalf.  However, Petitioner fails to demonstrate how the proceedings would have been different, pursuant to Strickland and Hill, supra, had counsel challenged the convictions and therefore Petitioner's challenge on this point must be denied.

Finally, Petitioner alleges that counsel was ineffective for failing to challenge the "constructively amended" indictment.  Petitioner asserts that the indictment charged him with committing crimes in Vineland, the District of New Jersey, and "elsewhere," with the final notation leading him to believe the government had other charges against him "elsewhere," thus causing him to plead guilty out of fear.  However, as Respondent sets forth, at the plea hearing, Petitioner responded affirmatively to the Court's question of the accuracy of his statement that no one has made any threats or promises to cause him to plead guilty and the question of whether he was pleading guilty because he was in fact guilty and for no other reason.  (Tr. of Plea, Apr. 9, 2001, at 25.)  Based on those statements by Petitioner, and pursuant to the proposition that counsel cannot be ineffective for failing to raise a meritless argument, there is no basis for Petitioner's claim under this point.

Petitioner further requests that the Court grant an evidentiary hearing to establish the truth of his claims.  As Respondent notes, however, "[a] habeas petitioner faces a heavy burden in challenging the voluntary nature of his guilty plea . . . ."  Lesko v. Lehman, 925 F.2d 1527, 1537

(3d Cir. 1991).  Therefore, "bald assertions and conclusory allegations do not afford sufficient ground for an evidentiary hearing."  Mayberry v. Petsock, 821 F.2d 179, 185-86 (3d Cir.), cert. denied, 484 U.S. 946 (1987); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)(stating that vague and conclusory allegations in a Section 2255 petition may be disposed of without further investigation by the district court).  Furthermore, courts "will not require an evidentiary hearing absent identification of some facts that support a contention of ineffectiveness, because to do so will encourage meritless petitions burdening judicial resources." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir.), cert. denied, 502 U.S. 902 (1991)(citation omitted).  The record clearly indicates a voluntary guilty plea by a competent defendant with a full understanding of the charges and penalties who provided a full factual basis for the plea of guilty.  The instant petition contains mere bald assertions and conclusory allegations that do not present a sufficient basis for an evidentiary hearing.

Finally, Petitioner requests that the Court hold the petition in abeyance, grant leave to file a supplemental memorandum, and refer the petition to a Magistrate Judge.  The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, Tit. I, 110 Stat. 1217, effective April 24, 1996, subjected petitions under Section 2255 to a one-year statute of limitations.  Petitioner has not demonstrated any basis for his claims above that would permit what amounts to a successive filing under Section 2255.  Additionally, Petitioner's motion for referral of the petition to a Magistrate Judge is denied for lack of basis.

## III.    CONCLUSION

For the reasons stated herein, the petition to vacate, set aside, or correct Petitioner's

sentence pursuant to 28 U.S.C. § 2255 is denied.  The Court further finds that because Petitioner

has not made a substantial showing of the denial of a constitutional right, no certificate of

appealability shall issue, pursuant to 28 U.S.C. § 2253(c).  An appropriate form of order

accompanies this Memorandum Opinion.


Dated: May 19, 2006



                                        ____s/ Garrett E. Brown, Jr._____
                                        GARRETT E. BROWN, JR., U.S.D.J.